**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RICARDO BALLARD,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-26-CV-2064-LS** |
| | § | |
| **CHARISMA EDGE, *Warden*, FCI La Tuna,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Ricardo Ballard, Federal Prisoner Number 35707-051, challenges the calculation of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] His petition is dismissed without prejudice for failure to comply with court orders and failure to prosecute.

**BACKGROUND**

Ballard was a 53-year-old prisoner confined to the La Tuna Federal Correctional Institution in Anthony, Texas.[2] He was released on October 16, 2026.

Ballard pled guilty in the District of New Mexico to possession with the intent to distribute more than 100 kilograms of marijuana.[3] He was sentenced to 60 months' confinement followed by four years' supervised release. Upon his release from prison, jurisdiction was transferred to the Western District of Texas.[4] His supervised release was revoked, and he was sentenced to an additional six months' confinement followed by 24 months' supervised release.[5] He subsequently pled guilty in the District of Wyoming to felon in possession of a firearm.[6] He was sentenced to

---

[1] Pet'r's Pet., ECF No. 1-1.
[2] *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 35707-051, last visited Oct. 19, 2026).
[3] *United States v. Ballard*, 2:06-cr-02033-MV (D. N.M.), J. Crim. Case, ECF No. 47.
[4] *Id.*, Transfer of Jurisdiction, ECF No. 50.
[5] *United States v. Ballard*, 7:14-cr-00057-RAJ (W.D. Tex.), Order, ECF No. 28.
[6] *United States v. Ballard*, 1:25-cr-00108-SWS (D. Wyo.), J. Crim. Case, ECF No. 41.

20 months' imprisonment followed by one year of supervised release.

Ballard now claims that the Bureau of Prisons ("BOP") has in place a scheme "to prolong imprisonment past a release date to a residential reentry center (half-way house), or to home confinement, or upon the completion of an inmate's sentence, thus, resulting in an illegal and improper imprisonment."[7] He asserts the BOP's First Step Act earned time credit assessment in his case shows his placement in a residential reentry facility is not scheduled until August 8, 2026, while his calculation show he should be assigned on July 19, 2026.[8] He maintains "[e]xhaustion of administrative remedies is not required in a § 2241."[9] He asks the Court to "order his immediate release."[10]

## APPLICABLE LAW

A prisoner does not have an "absolute 'right' to proceed in a civil action without paying a filing fee."[11] When a prisoner seeks relief through a § 2241 petition, he must pay the District Clerk a $5.00 filing fee.[12] In the alternative, he may apply to the court for permission to proceed without paying the filing fee with an affidavit disclosing all his assets and showing he is unable to pay the fee.[13]

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court" under Federal Rule of Civil Procedure 41(b).[14] The court's authority under Rule 41(b) flows from its "inherent power to control its docket and prevent undue delays in the

---

[7] Pet'r's Pet., ECF No. 1-1 at 2.
[8] *Id.* at 4.
[9] *Id.* at 9.
[10] *Id.* at 10.
[11] *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997) (citing *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015)).
[12] 28 U.S.C. § 1914(a).
[13] *Id.* § 1915(a)(1).
[14] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

disposition of pending cases."[15] The court's authority is not diluted by a party proceeding *pro se*, as "'[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"[16]

## ANALYSIS

Ballard's application to proceed *in forma pauperis* was denied on August 11, 2026, because he indicated that he earned $180.00 per month from a prison job and had sufficient funds available to pay the $5.00 filing fee.[17] He was ordered to pay the fee within 21 days of the entry of the order. His motion for reconsideration was denied on August 31, 2026.[18] He was also warned that his petition could be dismissed if he failed to pay the $5.00 filing fee withing 21 days of the entry of the Court's order. Ballard has not timely complied with the Court's orders.

## CONCLUSIONS AND ORDERS

The Court concludes that Ballard has failed to comply with court orders and has failed to prosecute his cause. It further concludes that his petition is therefore subject to *sua sponte* dismissal.[19] The Court accordingly enters the following orders:

**IT IS ORDERED** that Ricardo Ballard's *pro se* "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and failure to prosecute.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

---

[15] *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see* also *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) ("District courts have the … 'inherent power' ... to dismiss cases with prejudice for failure to prosecute."); *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) ("Because [Petitioner] failed to comply with orders issued by the district court, the without-prejudice dismissal of his habeas petition was not an abuse of discretion.").

[16] *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

[17] Text Order, Aug. 11, 2026.

[18] Text Order, Sept. 9, 2026.

[19] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action *sua sponte* if the [petitioner] fails to comply with court orders.").

**IT IS FINALLY ORDERED** that Ricardo Ballard's case is **CLOSED**.

**SIGNED** this 28th day of October 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**